ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MUNICIPIO DE AÑASCO POR CONDUCTO DE SU ALCALDE<br><br>Parte Apelante<br><br>v.<br><br>YARELIZ IRIZARRY GONZÁLEZ<br><br>Parte Apelada | KLAN202400011 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: AÑ2023CV00061 Consolidado con AÑ2023CV00060<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de mayo de 2024.

Comparece el Municipio de Añasco (Municipio) mediante recurso de apelación instado el 3 de enero de 2024. Solicita que revoquemos la *Sentencia Enmendada* emitida el 28 de noviembre de 2023 y notificada el 4 de diciembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Mayagüez. Mediante el referido dictamen, el foro primario añadió una condena de $2,500.00 en honorarios de abogado por temeridad en contra del Municipio a la *Sentencia* emitida 20 de octubre de 2023, que concedió el desistimiento de la acción con perjuicio a tenor con la Regla 39.1 (b) de Procedimiento Civil.

La parte recurrida, señora Yareliz Irizarry González (Sra. Irizarry González), presentó su escrito en oposición a la apelación el 11 de enero de 2024.

Examinados los escritos de las partes, y por los fundamentos que expondremos, resolvemos confirmar el dictamen recurrido.

# I.

El 23 de marzo de 2023, el Municipio presentó ante el TPI una demanda sobre cobro de dinero en contra de la Sra. Irizarry González. En síntesis, le reclamó a la Sra. Irizarry González la devolución de $42,113.50, por concepto de nombramiento en un puesto no contemplado en el Plan de Clasificación y Retribución y/o diferenciales de sueldo recibidos sin evidencia de las justificaciones extraordinarias. Adujo que el informe de auditoría M-22-11 de la Oficina del Contralor de Puerto Rico había señalado la deficiencia y requerido al Municipio el inicio de la acción de cobro.

El 14 de julio de 2023, la Sra. Irizarry González presentó su contestación a la demanda. Negó las alegaciones esenciales y planteó varias defensas afirmativas, entre éstas, que la demanda es frívola, porque los ingresos pagados por concepto de diferencial cuya devolución se procura fueron otorgados conforme a derecho.

El 20 de octubre de 2023, el Municipio presentó una *Moción de Desistimiento.* Solicitó el desistimiento con perjuicio del caso por haber encontrado evidencia en el expediente de personal de la Sra. Irizarry González que podría justificar el pago del diferencial de salario.[1]

Por su parte, el 26 de octubre de 2023, la Sra. Irizarry González presentó una *Moción solicitando remedio.* En ésta, manifestó estar conteste con el desistimiento, pero solicitó que se condenara al Municipio al pago de $2,500.00 de honorarios por temeridad. Arguyó que una investigación razonable de su expediente de personal hubiera evitado que ésta asumiera las molestias y gastos de un litigio innecesario.[2]

El 20 de octubre de 2023, notificada el 26 de octubre de 2023, el TPI dictó sentencia acorde con la Regla 39.1 (b) de Procedimiento

---

[1] Apéndice del recurso, pág. 97.
[2] *Íd.,* págs. 98-101.

Civil, 32 LPRA Ap. V, R. 39.1 (b), y decretó el archivo con perjuicio del caso, sin imposición de costas, gastos, ni honorarios de abogado.[3]

No obstante, el 27 de octubre de 2023, la Sra. Irizarry González presentó una moción de reconsideración, a los fines de que el tribunal condenara al Municipio al pago de los honorarios de abogado por temeridad, fundamentada en los mismos argumentos esbozados en su moción en solicitud de remedio.[4]

El 1 de noviembre de 2023, el Municipio presentó moción en oposición a la solicitud de reconsideración. Afirmó que no incurrió en temeridad ni frivolidad al presentar la causa de acción, pues radicó la acción a raíz de un informe de auditoría realizado por la Oficina del Contralor de Puerto Rico que expresamente recomendaba el recobro de los salarios devengados por concepto de diferencial. Recapituló que desistió de la reclamación en el momento en que encontró evidencia que podría justificar los pagos.[5]

El 28 de noviembre de 2023, el TPI emitió la *Sentencia Enmendada* apelada, mediante la cual transcribió su anterior dictamen y, además, impuso al Municipio el pago de $2,500.00 en honorarios de abogado por temeridad. En específico, el Tribunal coincidió con la Sra. Irizarry González "en que la evaluación del expediente de personal de la parte demandada debió haberse realizado con anterioridad a la presentación de la demanda. Esto hubiera evitado que la parte demandada tuviera que incurrir en honorarios y gastos para contestar [la] demanda y descubrir prueba". El dictamen se notificó el 4 de diciembre de 2023.[6]

---

[3] *Íd.,* pág. 103.
[4] *Íd.,* págs. 104-108.
[5] *Íd.,* págs. 109-111.
[6] *Íd.,* pág. 115.

Inconforme, el Municipio instó el presente recurso de apelación el 3 de enero de 2024, y apuntó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al determinar que la parte demandante fue temeraria e imponer honorarios por temeridad.

Alegó que la demanda se presentó con el conocimiento, información y creencia formada, sin ningún propósito de ocasionar una injusticia u opresión a la parte demandada. Adujo que el TPI en ningún momento tuvo ante su consideración prueba alguna para concluir que el Municipio no realizó una investigación razonable antes de presentar la demanda, ni que la información que podría justificar el pago del diferencial fuera obtenida antes de la radicación de la demanda. Por lo anterior, solicita que se modifique la sentencia enmendada, a los fines de que se elimine la imposición de honorarios por temeridad.

En oposición, la Sra. Irizarry González sostuvo que el TPI no abusó de su discreción al condenar al Municipio al pago de los honorarios de abogado, ya que por su temeridad la obligó a sufrir los gastos y molestias de un pleito innecesario.

**II.**

**A.**

El desistimiento es una declaración de voluntad que realiza una parte en el pleito mediante la cual anuncia su deseo de no continuar con la reclamación que interpuso.[7]

La Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R.39.1, reglamenta las diferentes formas de desistimiento de las reclamaciones judiciales en el ámbito civil. El precepto distingue entre el desistimiento por parte del reclamante y aquel decretado por orden del tribunal.

---

[7] *Pagán Rodríguez v. Pres. Cáms. Legs,* 206 DPR 277, 285 (2021).

El inciso (a) de la Regla 39.1, *supra,* establece que el demandante puede renunciar a su demanda en cualquier momento previo a la notificación de la contestación de la parte adversa o de una solicitud para que se dicte sentencia sumaria. También dispone que el desistimiento pudiera darse por una estipulación firmada por todos los que hayan comparecido al pleito. Al amparo de cualquiera de las dos instancias de este inciso, es suficiente la mera presentación del aviso de desistimiento ante el tribunal.[8] Además, nada impide que el demandante pueda demandar nuevamente.[9]

Sin embargo, bajo el inciso (a) de la Regla 39.1, *supra*, "el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún Tribunal Federal o de cualquier Estado de los Estados Unidos, de otro pleito basado en o que incluya la misma reclamación".

Por otro lado, el inciso (b) de la Regla 39.1, *supra,* atiende las instancias no cubiertas por el inciso (a) de la regla. Es decir, cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por todas las partes que han comparecido al pleito. En estos casos, será necesario que el demandante presente una moción al tribunal, la cual deberá notificar a todas las partes que han comparecido ante el foro, para así renunciar a continuar con su reclamo. En este escenario, el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes. Ello incluye que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado.[10] Aun así, conforme al citado inciso

---

[8] *Íd.,* págs. 286-287.

[9] *Íd.,* pág. 287; *Pramco CV6, LLC. v. Delgado Cruz y otros,* 184 DPR 453, 459 (2012).

[10] *Pagán Rodríguez v. Pres. Cáms. Legs,* supra, pág. 287; *Pramco CV6, LLC. v. Delgado Cruz y otros,* supra, pág. 461.

(b), "[a] menos que la orden [aceptando el desistimiento] especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio". Regal 39.1 (b), *supra*.

**B.**

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), autoriza al tribunal a imponer el pago de honorarios de abogado a una parte o su abogado que ha actuado con temeridad o frivolidad en el trámite de un proceso judicial. En lo pertinente, el precepto dispone:

> En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

El Tribunal Supremo ha resumido el concepto temeridad como "aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente o que obliga a una parte a involucrarse en trámites evitables".[11] También lo ha descrito como un comportamiento que afecta tanto el buen funcionamiento de los tribunales como la administración de la justicia.[12] Dicho de otro modo, un litigante actúa con temeridad cuando "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito".[13]

Ahora bien, la imposición de honorarios de abogado a la parte temeraria descansa en la sana discreción judicial que solo será

---

[11] *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880, 925 (2012).

[12] *Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 778 (2016).

[13] *Andamios de PR v. Newport Bonding,* 179 DPR 503, 520 (2010), citando a *Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713, 718 (1987).

variada en apelación si se demuestra que hubo abuso de discreción.[14]

**III.**

El Municipio plantea que el TPI erró al concluir que fue temerario e imponerle el pago de honorarios de abogado por su temeridad.

Según esbozado, la Regla 39.1 (b), *supra*, provee, en los casos en que la parte adversa haya contestado la demanda, a que ésta desista de un pleito solo por orden del tribunal. En este escenario, el tribunal tiene la discreción para finalizar el pleito e imponer las condiciones que estime pertinentes, incluyendo que el desistimiento sea con perjuicio, así como la imposición de gastos y honorarios de abogado. La regla permite que en estos casos los tribunales impongan aquellas condiciones que resulten convenientes conforme a las circunstancias del pleito.

Según se desprende de las alegaciones de la demanda, el Municipio instó la causa de acción basado en un informe de auditoría de la Oficina del Contralor de Puerto Rico. El Municipio no anejó a su demanda, ni detalló los fragmentos pertinentes del informe en sus alegaciones. Más adelante, en su moción de desistimiento, éste notificó que, "luego de un estudio del expediente de personal de la Sra. Irizarry González, encontr[ó] evidencia que podría justificar el pago de un diferencial en su salario" y solicitó el desistimiento con perjuicio del caso.

De lo anterior surge que el Municipio no se cercioró de verificar su causa de acción previo a presentar la demanda en contra de la Sra. Irizarry González. Ello pues, porque lo apuntado en el informe al que se hace referencia en las alegaciones de la demanda era verificable mediante un análisis del expediente de personal de la

---

[14] *SLG González-Figueroa v. SLG et al.,* 209 DPR 138, 150 (2022).

empleada, que, según reconoció, realizó luego de presentar la acción. Lo cierto es que, previo a exponer a la Sra. Irizarry a las molestias y gastos que conllevó defenderse del litigio, debió mediar dicha diligencia oportuna por parte del Municipio. Sin duda el Municipio fue temerario al radicar la demanda sin haber cursado una investigación previa.

Así pues, luego de un análisis ponderado del caso, concluimos que el TPI actuó correctamente al concluir que el Municipio fue temerario. Por tanto, y no existiendo razón válida alguna para variar la determinación discrecional de temeridad tomada por el foro primario, este Tribunal resuelve que procedía la cuantía impuesta al Municipio por concepto de honorarios de abogado.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia Enmendada* apelada.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones